# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TCF NATIONAL BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 14 C 9429 |
| v. | ) |
| | ) Judge Jorge L. Alonso |
| SIS GLOBAL (USA), INC., SUNIL | ) |
| KAKKAD, JAYSHREEBEN S. KAKKAD, | ) |
| JK GROUP HOLDINGS, LLC, SAI | ) |
| INFOSYSTEMS (INDIA), LTD., and | ) |
| STATE BANK OF INDIA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

TCF National Bank ("TCF") brought this interpleader action and has deposited with the court $713,110.21 from an account opened in the name of defendant SIS Global (USA), Inc. ("SIS Global"), after receiving competing claims to the funds amid reports that they may have been obtained through wrongdoing. One of the claimants, the State Bank of India, has filed a cross-claim against the other interpleader defendants. SIS Global now moves to dismiss Counts I and IV of the cross-claim. For the following reasons, the motion is denied.

## BACKGROUND

According to the allegations of the interpleader complaint, SIS Global, an Illinois corporation, opened a corporate checking account with TCF in August 2013. (Compl. ¶ 12.) On September 26, 2013, First American Title Company deposited $717,143.16 into the SIS Global account. (*Id.* ¶¶ 13, 23.) On September 30, 2013, $4,000 was withdrawn from the account and deposited into an account in the name of defendant JK Group Holdings, LLC. (*Id.* ¶ 15.) On

October 1, 2013, defendant Jayshreeben Kakkad attempted to transfer $500,000 from the SIS Global Account to the JK Group Holdings, LLC account. (*Id.* ¶ 16.)

However, TCF declined the transfer and placed a hold on the funds. (*Id.*) Corporate documents filed with the Illinois Secretary of State listed Sunil Kakkad, Jayshreeben's husband, as the president of SIS Global, and TCF could not verify Jayshreeben's authority to act on behalf of SIS Global. (*Id.* ¶¶ 20-22.) Further, TCF noticed that First American Title Company had made its check payable to "SIS Global, Inc.," not "SIS Global (USA) Inc," and TCF was uncertain which party was the proper payee. (*Id.* ¶ 23.)

Jayshreeben Kakkad, when told that she would be unable to make the $500,000 withdrawal, requested TCF to place a note on the account that no one should be allowed to make any withdrawals unless she was present. (*Id.* ¶ 17.) On October 3, 2013, another individual, Rakeshbhai Patel, inquired about the availability of the funds. (*Id.* ¶ 18.) Later that day, Jayshreeben inquired about the funds again and explained that she urgently needed to gain access to the funds because her husband Sunil was missing. (*Id.* ¶ 19.)

TCF became aware of multiple news reports that Sunil Kakkad was indeed missing, having allegedly absconded with millions of dollars taken from SAI Infosystems (India), Ltd., ("SIS"), an Indian telecommunications company of which he was Chairman and Managing Director, and deposited the stolen monies in other business entities he controlled. (*Id.* ¶¶ 25-26.) SIS had filed a complaint with authorities in India to freeze the assets of all of Sunil Kakkad's companies, including SIS Global. (*Id.* ¶¶ 7, 27.) The State Bank of India, which headed a consortium of lenders that lent money to SIS and may have an interest in the disputed funds in this case, publicly warned against dealing with SIS or any associated entities. (*Id.* ¶¶ 8, 28.)

TCF reported its concerns to the Secret Service, which requested TCF to place a hold on the funds voluntarily, pending further inquiry.  (*Id.* ¶ 24.)

On June 28, 2014, according to news reports, Sunil was arrested by Interpol in Liberia. (*Id.* ¶ 29.)  TCF filed this interpleader action on November 25, 2014.

The State Bank of India has filed a cross-claim against the other interpleader defendants, in which it alleges that, as part of a consortium of lenders, it lent approximately $96,930,000 to SIS; SIS defaulted on the loan; State Bank of India has demanded that SIS repay the loan; Sunil and Jayshreeben Kakkad personally guaranteed repayment of the loan; and the Kakkads have commingled the proceeds of the loan among various business entities, including the entity defendants in this case, which are no more than the Kakkads' alter egos.  (Answer and Cross-Claim ¶¶ 46-54.)  State Bank of India makes claims against SIS Global in Count I, for breach of contract, and in Count IV, for declaratory judgment.  In Count I, State Bank of India claims that SIS breached its loan repayment obligations, and SIS, along with any of the other defendants who may have received the proceeds of the loan "without appropriate consideration and not as part of arms-length transactions" (*id.* ¶ 63), including SIS Global, must repay the loan.  In Count IV, State Bank of India seeks a declaration that it should be paid the disputed funds because the funds were obtained "through misappropriation of the proceeds of the Loan and/or improper and fraudulent transfers between SIS, SIS Global, Sunil Kakkad, Jayshreeben Kakkad and/or JK Group" in an effort to "avoid payment obligations under the [State Bank of India's loan to SIS] and/or the Sunil and Jayshreeben Guarantees" (*id.* ¶ 78).

## **DISCUSSION**

"A motion under Rule 12(b)(6) tests whether [a pleading] states a claim on which relief may be granted."  *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).  Under Rule 8(a)(2), a

3

pleading that states a claim for relief—in this case, a cross-claim—must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Stated differently, a pleading that purports to state a claim for relief "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

SIS Global moves to dismiss State Bank of India's cross-claim, contending that State Bank of India has not made any sufficiently specific allegations of a breach of contract or fraudulent transfer to state a plausible claim for relief, State Bank of India seeks an improper prejudgment attachment, and State Bank of India has not demonstrated that this is an appropriate case in which to pierce the corporate veil of SIS Global.

The prejudgment attachment issue is easily dealt with. State Bank of India explains in its response brief that its cross-claim does not seek a prejudgment attachment at all. Based on the language of the cross-claim, the Bank is correct; the term "prejudgment attachment" does not even appear in the cross-claim. It appears from the reply brief that SIS Global's concern actually has little to do with State Bank of India's cross-claim; SIS Global apparently believes that this entire interpleader action is akin to a prejudgment attachment because SIS Global has been denied access to the funds deposited into its bank account before any judgment has been entered against it. Other than in some blustery statements in its answer (SIS Global Answer ¶ 26), SIS Global never raised this issue until after TCF already deposited the funds with the Court (indeed,

it expressly declined to object to TCF's depositing the disputed funds with the Court (ECF No. 33)), and in any case, SIS Global has cited no authority suggesting that it has any valid basis for contending that this interpleader action is improper. According to the allegations of the complaint, TCF had doubts about the rightful ownership of the funds it was holding in the SIS Global account, it feared double or multiple liability, and it wished to ensure that the funds are paid to the proper party, so it filed an interpleader action. (Compl. ¶¶ 32-35.) The Federal Rules of Civil Procedure and the laws of the United States specifically contemplate just this sort of action. *See* Fed. R. Civ. P. 22; 28 U.S.C. §§ 1335, 1397, 2361. If SIS Global takes issue with interpleader actions categorically because it believes they are de facto prejudgment attachments, it must take its concern to a higher authority than this Court.

As for whether State Bank of India states a valid claim for breach of contract against SIS Global on a theory of piercing or reverse-piercing the corporate veil, the Court concludes that it does. First, State Bank of India alleges that SIS breached an agreement to repay a loan and the Kakkads breached agreements to guarantee the loan. It is axiomatic that a failure to repay a loan is a breach of contract. *See, e.g., 1515 N. Wells, L.P. v. 1513 N. Wells, L.L.C.*, 913 N.E.2d 1, 7 (Ill. App. Ct. 2009).

As for whether SIS Global can be liable for the breach on a theory of piercing or reverse-piercing the corporate veil, State Bank of India alleges that the funds of SIS, SIS Global, the Kakkads and JK Group Holdings, LLC were commingled; SIS, SIS Global and JK Group Holdings failed to follow corporate formalities; and the Kakkads are the alter ego of SIS Global.[1] (Answer & Cross-Cl. ¶¶ 54, 60, 63.) In Illinois, a corporation's veil of limited liability may be pierced if "there is such unity of interest and ownership that the separate personalities of the

---

[1] These allegations are consistent with the allegations of TCF's interpleader complaint, to the extent that TCF was uncertain which of the Kakkads was authorized to act on behalf of which business entity and whether the business entities were distinct, with legitimate, arms-length relationships. (Compl. ¶¶ 17-21, 25-28.)

5

corporation and the individual no longer exist and when adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008) (alterations and internal quotation marks omitted). To determine whether there is a unity of interest, courts consider numerous factors, none of which is required or dispositive by itself, including failure to observe corporate formalities, commingling of funds, and failure to maintain arms-length relationships between related entities. *Auto. Fin. Corp. v. Joliet Motors, Inc.*, 761 F. Supp. 2d 789, 792-93 (N.D. Ill. 2011). Illinois also permits reverse-piercing the corporate veil, or "reaching through" an individual to the corporation he controls, and subjects reverse-piercing theories to the same analysis as standard piercing. *See In re Canopy Fin., Inc.*, 477 B.R. 696, 703 (N.D. Ill. 2012) (citing *Sea–Land Servs., Inc. v. Pepper Source,* 941 F.2d 519, 521–22 (7th Cir.1991)). Thus, if the test for veil-piercing is met, a plaintiff may reach through either a business entity or person to hold a controlling entity or person liable.

State Bank of India cites several cases in support of its position that, assuming the truth of its allegations, and in accordance with the above principles, it has sufficiently pleaded its veil-piercing theory to survive a motion to dismiss. *See Trs. of the Auto. Mechs.' Indus. Welfare & Pension Funds Local 701 v. Elmhurst Lincoln Mercury*, 677 F. Supp. 2d 1053, 1055-56 (N.D. Ill. 2010); *Wachovia Sec., LLC v. Neuhauser*, No. 04 C 3082, 2004 WL 2526390, at *10-11 (N.D. Ill. Nov. 5, 2004); *see also Deschepper v. Midwest Wine & Spirits, Inc.*, 84 F. Supp. 3d 767, 781 (N.D. Ill. 2015) (allegations that "satisfactorily track the elements necessary to pierce the corporate veil, and adequately place the defendants on notice of the plaintiffs' intent to rely on a piercing the corporate veil theory" are sufficient to survive a motion to dismiss) (internal quotation omitted). In reply, SIS Global fails to cite any contrary authority (indeed, it cites no

authority at all) or to address the substance of State Bank of India's argument. Under such circumstances, SIS Global waives any argument. *See United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with *pertinent* authority, or by showing why it is a good point . . . *in the face of contrary authority*, forfeits the point." (second emphasis added)). State Bank of India's allegations of breach of contract on a veil-piercing theory are sufficient to survive a motion to dismiss, and SIS Global's motion to dismiss must be denied.

## CONCLUSION

For the reasons set forth above, the Court denies SIS Global's motion to dismiss [41]. Status hearing remains set for 11/18/15 at 9:30 a.m.

**SO ORDERED.**

                                        **ENTERED: October 30, 2015**

                                        **HON. JORGE L. ALONSO**
                                        **United States District Judge**